RECEIVED
CHARLOTTE, NC

AUG 16 2019

Clerk, US District Court
Western District of NC

August 14, 2019

Honorable Judge Robert J Conrad
United States District Judge
Charles R. Jonas Federal Bldg
401 West Trade Street
Charlotte, NC 28202

Dear Honorable Judge Robert J. Corad:

First and foremost, thank you for not granting the requested delay of sentencing for Wanda S. Greene, Former Buncombe County Manager. We were appalled that a plea agreement was accepted on the Federal indictments levied against her, but we entrust justice will prevail. Perhaps her consciousness of guilt is a ploy to lessen the impact of her sentencing for her heinous abuse of corruption.

The purpose for reaching out to you, is to make sure our voices are heard. More importantly, the vulnerable children and families of Buncombe County. For decades corrupt officials reigned our Western North Carolina Mountains. The trusting indefensible citizens suffered from years of abuse, evilness and exploitation. Deep corruption has echoed through our beautiful Mountains for far too long, it is of the utmost importance that we the people of Buncombe County see proper justice levied against these corrupt officials so that we can put closer to this scandal and heal as a community. In addition, a loud message needs to be sent that this behavior and negligence will not be tolerated.

To date, we have not received acknowledgement of our concerns addressed to Mr. Andrew Murray, (please refer to the enclosed attachments), but we remain cautiously optimistic that justice will prevail! We have elected to not go public with our concerns, assumptions and allegations, but we strongly urge that a continued audit be extended thoroughly of the Buncombe County Department of Social Services, primary under the reign of Wanda S. Greene, Mandy Stone and Jon Creighton. It is alarming that both Ms Greene and Ms Stone appointed relatives within our County system, specifically Ms Greene's sister Irene Wolf, whom was a financial services manager that oversaw the electronic funds and vendor payments submitted by Ms Greene herself. Why is Ms Wolf not facing charges? There are still many unanswered questions.

August 28th is quickly approaching, we put our utmost faith in your position and entrust that all the guilty individuals, Wanda S. Greene, Mandy Stone, Jon Creighton and Michael Greene will get sentencing to fit their misconduct and criminality.

Thank you for your time and for your continued services to the citizens of Buncombe County and the United States of America.

Respectfully,

Kelly J. Rader

Bradford A. Rader

September 5th, 2018

Mr. Andrew Murray

U.S. Attorney's Office

100 Otis Street

Asheville, NC 28801

Mr. Murray,

In wake of Buncombe County governments dereliction regard to their fiduciary duties to the residents of Buncombe County, we think it's necessary to reach out to you regarding a very serious matter and ask the following of you... As proud American Citizens and Buncombe County residents, we are asking that you launch a thorough investigation into Buncombe County Department of Social Services and their practices, in particular, post adoption services; **at the time of need for specific emergency funding requested by us, Bradford A. Rader & Kelly J. Rader on behalf of the health, wellbeing and life of our children Daniel, Dillan, Mathew & Jimmie;** *the final word for utilization of funding fell under the direction of key members of Buncombe County whom are currently being charged with theft of County funds and deception,* we can't help to wonder if funds earmarked for post adoption vendor payments awarded under Title IV-E Adoption Assistance & Child Welfare Program, were funded inappropriately for their personal gain. The unused funds allocated just for our children totaled $150,000+/- Each of the children's adoption decrees awarded us monthly adoption assistance payments {graduating payments set forth by the state, age driven}, in addition to Medicaid and Vendor payments. We had been repeatedly denied the utilization of these said funds {vendor payments} for a decade.

Vendor payments may be provided up to a maximum of $2,400 per year for any combination of medial and/or non-medical services or treatment not covered by any medical insurance program, such as Medicaid or private insurance. Non-medical services include any service that helps to alleviate a condition that existed prior to the adoption placement. Based on the individual needs of the child, non-medical may include psychological, therapeutic, or any service that remedies a condition that is a result of a condition that existed prior to the adoption placement. **All five children suffered from PTSD** from their unfavorable biological beginnings as precious beings into this world. All five children underwent years of extensive treatment and counseling.

After the loss of their older no biological stepbrother (2/2015) and our house fire, (1/2016), resulting in a total loss of house and all personal possessions, the children quickly declined to survival mode. Nicole was not present, she departed at 19 and joined the Marines.

Two of the boys, Dillan & Jimmie were hospitalized in the psychiatric ward, one on three separate occasions within a short period of time; sadly, one has been incarcerated at the age of 19. One son, Dillan dropped out of high school and is now enrolled in AB Tech to obtain his GED. All five adopted children were born with unknown or undisclosed medical & phycological conditions. All five children spent years in and out of counseling, they saw their pediatrian regularly; they were referred out for 100's of medical and psychological referrals; we were & still are responsible parents.

We personally, hold Buncombe County responsible for failing us in a time of great need.

We understand this is a very serious allegation, bottom line, someone(s) dropped the ball; First & Foremost, a protocol needs to be established to detour future unfavorable outcomes. Secondary, there should be accountability & consequences! We made an attempt to get answers to our questions by contacting Mr. Wayne Black, Director of North Carolina Department of Social Services. Looking back, our approach was all wrong.

It is unfortunate these situations have manifested; however, being proud Americans we, including our dear family & friends entrusted our Local, State and Federal Government to take care of their people, to protect our rights upholding their fiduciary obligations to the most vulnerable, to protect the children, the elderly and sick.

We trusted our local county government to uphold their obligation to take care of our children's needs until the said/ agreed time expired, (day of their 18th Birthday). Our local government failed our children. We went to our local county out of desperation, and were turned away with no reassurance, no further out reach or follow up. Meanwhile there were individuals within the Buncombe Country Department of Social Services system that learned of what was unfolding and chose to plead ignorant. We were left without vital prescribed medicines, (thank God for the Red Cross), we were a family of six, four of which were teenage boys all enrolled at Asheville High School, we were displaced, all lost, broken and confused, not to mention in shock! The emotional state, the well being & safety for us all was greatly compromised. It was through our personal efforts, networking, that we secured a grief & loss counselor within 48 hours. Again, these efforts were established exerting our own energies. Kirby Morrow, was our saving grace.

Three of our five adopted children were adopted through Buncombe County, Daniel, Mathew & Dillan's Decree of Adoption were finalized in March 2002. They are biological siblings. All five children were entitled to receive TITLE IV-E Adoption Assistance Funding as outlined in our Adoption Decrees. Nicole and her biological brother Jimmie were adopted through Burnsville which falls under Yancey County also in NC. Their Decree of Adoptions were finalized in September 2006.

Supporting documents to substantiate our claims can be furnished as requested and needed.

We have enclosed our letter to Mr. Wayne Black Director of NC Department of Social Services dated October 24th, 2017 and his reply dated December 21st, 2017.

By reaching out to you it is not to seek personal gain, but to seek justice! We also strongly urge you to move forward with a forensic audit of the Buncombe County Government.

Thank you for your time and for your services to us and our Country. Please see the contact information below should you wish to reach out to us.

Respectfully,

Bradford A. Rader

Kelly J. Rader

276 N Bear Creek Road

Asheville, NC 28806

Fourboyz2dogs@yahoo.com

828-713-8599 Brad

828-713-9697 Kelly

Attachments

Letter to Wayne Black / NC Department of Social Services

Letter from Wayne Black / NC Department of Social Services



# Department of Health and Human Services
## Division of Social Services

ROY COOPER
GOVERNOR

MANDY COHEN, MD, MPH
SECRETARY

WAYNE E. BLACK
DIRECTOR

December 21, 2017

Bradford and Kelly Rader
276 N Bear Creek Road
Asheville, NC 28806

Dear Mr. and Mrs. Rader:

Sincere condolences for the recent losses your family has experienced. This letter is in response to your written inquiry about North Carolina's Vendor Payments Program dated October 24, 2017.

An adoptee, if eligible, may receive vendor payments until he or she reaches his or her 18th birthday. Eligibility must be indicated in the Adoption Assistance Agreement completed between your family and the County Department of Social Services that had custody of the child, or through an amendment to that agreement for certain special needs that are discovered subsequent to the adoption.

Title 10A, Chapter 70M of The North Carolina Administrative Code sets forth the criteria that a child must meet to be eligible for the Vendor Payments Program. Specifically, reimbursement or payment for services and treatment under this program must be related to a special need of the child that existed prior to the time of the child's adoption, whether it was known at the time of the adoption or learned subsequent to the adoption. As further explained in the NC Child Welfare Policy Manual, the pre-existing special need must be confirmed through specific documentation and approved by the County:

> *Vendor payment reimbursement approval requires documentation of the child's specific special needs and the special training, licensing or credentialing of the individual recommending the services. The training, licensing or credentialing must be appropriate for the type of vendor payment being requested. Documentation shall not be deemed sufficient if it is solely from the provider of the service or treatment.*

WWW.NCDHHS.GOV
TEL 919-527-6335 • FAX 919-334-1018
LOCATION: 820 S. BOYLAN AVE. • MCBRYDE BUILDING • RALEIGH, NC 27603
MAILING ADDRESS: 2401 MAIL SERVICE CENTER • RALEIGH, NC 27699-2401
AN EQUAL OPPORTUNITY / AFFIRMATIVE ACTION EMPLOYER

Case 1:18-cr-00088-RJC-WCM   Document 69   Filed 08/16/19   Page 5 of 9

> *Reimbursement shall not be made until the county Department of Social Services has approved the requested service or treatment. The written request shall include service goals, evaluation plan, duration, unit costs and projected total cost.*

With regards to your questions related to funding and allocation of funding, as stated in the Policy Manual:

> *Vendor payments may be provided up to a maximum of $2,400 per state fiscal year for any combination of medical and/or non-medical services or treatment not covered by any medical insurance program, such as Medicaid or private insurance. This means the total amount of $2,400 may be used solely for medical services; the total amount of $2,400 may be used solely for non-medical services; or the total amount of $2,400 may be used for a combination of medical and non-medical services.*

The vendor payments are provided through a combination of state and county funding, and the funding is not available for roll over year to year. Thus, if the allotted $2400 is not expended for a child in a state fiscal year (July 1 through June 30), then the funding from that year is no longer accessible.

Each County Department of Social Services administers the Vendor Payment Program for adoptees of the County. All requests for vendor payments or related adoption assistance information should be directed to the County Department of Social Services that had custody of the adoptee prior to the adoption. If you have further questions regarding the approval or denial of specific requests for vendor payments, it is recommended that you escalate those concerns within the specific county Department of Social Services.

Sincerely,

Wayne E. Black

cc: Jamie Bazemore, Adoption Services Program Manager

Mr. Wayne Black

NC Department of Social Services

2001 Mail Service Center

Raleigh, NC 27699-2001

Wayne.Black@dhhs.nc.gov

October 24, 2017

Mr. Black ~

In the recent weeks scandal has echoed through Western North Carolina mountains, our very own Buncombe County Manager, Ms Wanda Greene, whom is currently ongoing state & federal investigations, may or may not have broken any laws; but morally, were her actions ethical? Questions race through our minds, "were our adopted children denied money set aside for them, for greed?" Yes we are upset, but we're also frustrated and seek a formal investigation and response for clarity.

The purpose of our letter is to ask for clarification specifically regarding the NC adoption assistance vendor payment program. At this time, we are making an official request and would like answers to our questions specifically regarding adoption assistance vendor payments, per **(See Section 1600, Child Welfare Funding – Adoption Assistance Payments)**

The vendor payment program is designed to assist with expenses related to remedial, psychological and medical needs that are not covered by Medicaid. Adoptive parents should be encouraged to use the vendor payments for needed supportive services. These funds can be used for a variety of services as long as it can be documented that the use of the funds relates to a special needs condition that existed prior to the completion of the adoption. The total amount of the annual vendor payments of $2400 can be used for any combination of remedial, medical and/or therapeutic services (non-medical services). This means that all of the funds can be used on medical services; all of the funds can be used for therapeutic services (non-medical services); or the funds can be used for a combination of medical and therapeutic services.

Throughout the years we have been repeatedly denied reimbursement for services and purchases by our local department of social services, this we are told "because, the expenses did not meet the criteria." Such requests were respite care which entailed family preservation through bonding/healing therapeutic family trips & excursions. It should be noted, professional supporting documentation was available for documentation purposes, we always did as we were asked. Our children were always our top priority. It is worth noting that we did receive such reimbursement in the earlier years, but please note, all personal records were destroyed in a home fire in January 2016. For whatever reason, the vendor payments were denied and stopped.

Multiple requests were made asking for a written outline, criteria for utilization of the mentioned vendor funds. Our requests went unanswered. It was a battle we didn't have energy to engage in.

In the most recent 8 months, we again approached our post adoption worker at Buncombe County DSS and were denied any respite, therapeutic, utilization of vendor funds. We are proud people, we have provided exceptionally well for our children, our family; however, after the devastation of our house loss and suffering a loss of an older biological child in a work related construction accident just 10 months prior, we were all broken. Our four sons, Daniel, Mathew, Dillan & Jimmie relapsed after these tragic events; early life encounters, nightmares were being relived, all of us suffering trauma & experiencing PTSD, 1 with clinically diagnosed PTSD, which required hospitalization on three different occasions. Another child, although there were years of concern, documentation and testing, has since been clinically diagnosed with Autism. All children experienced in-utero toxic environments and entered life under stressful horrendous & demoralizing conditions, enduring & witnessing menacing events ultimately being deemed children of the state. To us they are gifts, bittersweet blessings. We have provided a "normal" American upbringing, establishing family traditions, sports and camping trips, we provided the stability of a loving family. Through years of commitment, therapy & unconditional love, we made great progress, each of us in our own special ways. After our recent life changing encounters, the loss of our home & all personal belongings, we just now starting to put our lives, our family, our routines back in order. We are preparing for our sons to enter into this world and experience new journeys. We all still suffer and have vivid memories of escaping the fire that ravaged our home, turned our world upside down. A void will always be present for the loss of Jamie, we are all slowly healing. It is important to note that we did receive support services through an outreach through The Children's Home Society, which we greatly appreciated. However, repeated requests were made for utilization of vendor payments, the funds we believe would have aided in our healing of our sons as individuals and as a family.

In addition to the above, please advise were the funding comes from (state, federal funding?) for the vendor payments program and advise what happens to the allotted annual $2,400 per child, (till the age of 18), goes should it not be used for the well being of the child.

Please provide written criteria for utilization of these funds and advise why it is so difficult to utilize these funds that are set aside for the well being of the children.

As we have 1 child that still meets the criteria for utilization of the vendor program, please advise how we can access these funds.

In addition, after thorough review and investigation, should it be legally determined that we were repeatedly denied access to these funds for the well being of our children, we are seeking rightful recovery of these such funds.

We greatly appreciate your time in this matter. We request that all correspondence be conducted via email or by written response. Do to the sensitivity of this matter, failure to comply will result in escalating this matter to the appropriate party until we reach legal & satisfactory answers.

Respectfully,

*Kelly J Rader*
Kelly J. Rader

*Bradford A. Rader*
Bradford A. Rader

276 N Bear Creek Road

Asheville, NC 28806

Fourboyz2dogs@yahoo.com